IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANE WEBSTER UPCHURCH,<br><br>*Plaintiff,*<br><br>v.<br><br>WASTEQUIP, LLC and<br>TRAVELERS INDEMNITY AMERICA,<br><br>*Defendants*, | Case No. CIV-20-066-RAW |

## **ORDER**

Before the court is Defendant Wastequip's Motion for Summary Judgment [Doc. 66]. Plaintiff (proceeding *pro se*) alleges he was employed by defendant Wastequip until terminated on June 10, 2019. He brings three claims arising out of an injury, workers' compensation claim and subsequent discharge.

The court will grant summary judgment "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In applying the summary judgment standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the non-moving party. *EEOC v. Abercrombie & Fitch Stores, Inc.*, 731 F.3d 1106, 1116 (10th Cir. 2013). *See also Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006).

The movant bears the burden of making an initial showing of the absence of a genuine issue of material fact. *Ade v, Conklin Cars Salina, LLC*, 800 Fed.Appx. 646, 650 (10th Cir. 2020). The court finds the Defendant Wastequip has done so. If the movant meets this burden, the nonmovant must then set forth specific facts showing that there is a genuine issue for trial to avoid entry of summary judgment. *Id*. At this stage, however, Plaintiff may not rely on mere allegations, but must have set forth, by affidavit or other evidence, specific facts in support of his Complaint. *Id*.

"Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003) (citation omitted).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

While the court may afford a *pro se* litigant's filing some leniency, even *pro se* litigants are expected to follow the same rules of procedure that govern other litigants. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *Franke v. ARUP Labs*., 390 Fed.Appx. 822, 826 (10th Cir. 2010).

Plaintiff Upchurch began his employment with Wastequip as a welder on April 3, 2018 and on April 17, 2018 sustained a work-related injury to his feet when a component he was welding fell off of a worktable onto his feet. On April 19, 2019, Plaintiff went to Family Health

2

Clinic of Southern Oklahoma (FHCSO) for an examination.  On July 12, 2018 Plaintiff went to FHCSO complaining of an elbow ailment and was given an injection.  Thereafter, in October 2018 Plaintiff began experiencing numbness and tingling in both hands and was tested for carpel tunnel in both hands.  On February 28, 2019, Plaintiff was placed on FMLA leave to have carpel tunnel surgery performed by his doctor at Texoma Valley Surgery Center.  There is no work injury report concerning the surgery or a subsequent surgery in March, 2019.  On April 17, 2019 Plaintiff's treating physician, Dr. Papalia, issued a confirmation of defendant's ability to "Return to Full Duty" without restrictions as of May 1, 2019.   On May 8, 2019 Plaintiff arrived at work with a swollen hand and arm stating he didn't know what had happened.  The plant manager suggested he see his doctor.  Plaintiff saw the doctor on May 8 and on May 15.  Subsequently, on May 29, 2019 Mr. Upchurch filed a Workers' Compensation Form 3 alleging a work related injury and that the nature of the injury was carpal tunnel resulting from "heavy repetitive motion, lifting."  On May 30, 2019 Plaintiff's FMLA benefits expired and no return to work date was provided.  Wastequip's Human Relations department had a telephone conversation with Plaintiff to see when he would be returning to work or whether he had other doctor appointments.  Plaintiff failed to provide a return to work date or other updates and, on June 10, 2019, was terminated in accordance with Wastequip's Attendance Policy.

    Plaintiff filed this action on March 3, 2020 citing a multitude of potential grievances, which the court has deciphered as claims alleging disability discrimination under the Americans with Disabilities Act, age discrimination pursuant to the Age Discrimination in Employment Act, and retaliatory discharge under Oklahoma law.  Although Plaintiff has continued to file manifesto-like papers routinely attacking defense counsel and the judiciary, along with his workers' compensation judge and counsel,  he has presented no evidence to support his claims.

Plaintiff's claim of discrimination pursuant to the Americans with Disabilities Act 42 U.S.C § 12101, *et.seq.* ("ADA") requires that he establish a prima facie case of disability discrimination. Liability in a discrimination case is based upon whether the protected trait actually motivated the employer's decision. *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). Plaintiff must prove that he was a victim of intentional discrimination. *EEOC v. Flasher Co., Inc.*, 986 F.2d 1312, 1314 (10th Cir. 1992).

This burden may be satisfied either through direct proof of discriminatory intent, or through the burden shifting framework laid out in *McDonnel Douglas Corp. v. Green*, 411 U.S. 729, 802-04 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981). *See also Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). Under the *McDonnell Douglas* and *Burdine* scheme, a plaintiff must first establish a prima facie case of discrimination by a preponderance of the evidence. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

Establishment of a prima facie case, in effect, creates a presumption that the employer unlawfully discriminated against the employee. However, the presumption merely places upon the employer the burden of "producing evidence" that the employment action was taken for a legitimate, non-discriminatory reason. Although the *McDonnel Douglas* presumption shifts the burden of production to the defendant, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id*. (citing *Burdine*, 450 U.S. at 253

In order to establish a prima facie case of disability discrimination, Plaintiff must prove (1) that he is a disabled person within the meaning of the ADA, (2) he is qualified with or

without a reasonable accommodation, (3) he is able to perform the essential function of the job, and (4) he suffered an adverse employment action because of his disability. *See Milton v. Scrivner, Inc.,* 53 F.3d 1118, 1123 (10th Cir. 1995); *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997).

Under the ADA Plaintiff must establish that he is "an individual with a disability." A disability is defined as a physical or mental impairment that substantially limits one or more of an employee's major life activities. 42 U.S.C. § 12102(C). Not every physical impairment qualifies as a disability, because not every impairment substantially limits a major life activity. *Cline v. Fort Howard Corp,*, 963 F.Supp. 1075 (E.D. Okla. 1997).

Plaintiff has not provided proof of any impairment, whether occurring prior to or during his employment with Wastequip which meets the standard of substantially limiting a major life activity. The only restrictions presented limiting Plaintiff's work were those related to his carpal tunnel surgeries which were lifted as of May 10, 2019 without restriction. Once the restrictions were lifted, Plaintiff failed to return to work or to provide a return to work date. Plaintiff was terminated after reaching Wastequip's employment policy point limit for absences once his FMLA expired. The Tenth Circuit has held that the Court will not second guess business decisions made by employers absent some evidence of impermissible motive. *See Faulkner v. Super Value Stores, Inc.*, 3 F.3d 1419, 1427 (10th Cir. 1993); *Branson v. Price River Coal Co.*, 853 F.2d 768, 770 (10th Cir. 1988).

Plaintiff has presented no evidence of pre-text for intentional discrimination and thus, his claims of discrimination under the ADA are subject to summary judgment. *See Cone v. Longmont United Hospital Association*, 14 F.3d 526, 529 (10th Cir. 1994) (failure to come

forward with evidence of pre-text will entitle defendant to judgment); *Tidwell v. Fort Howard Corporation*, 989 F.2d 406, 409 (10th Cir. 1993) (plaintiff's evidence failed to show intentional discrimination by defendant directly or indirectly).

Plaintiff's claim for age discrimination comes under the Age Discrimination in Employment Act ("ADEA") which provides a remedy for discrimination in private employment on the basis of age. 29 U.S.C. §623(a)(1); *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). The protective provisions of §623 are limited to individuals who are 40 or older. Plaintiff was 39 years old when hired at Wastequip and 40 years old when terminated. The aim of the Act is to require employers "to evaluate [older] employees . . . on their merits and not their age." *Id*. Employers are free to exercise their sound business judgment in personnel matters and may discipline and terminate at-will employees for any reason so long as it is not unlawful. *Adamson v. Multi Community Diversified Servs., Inc.*, 514 F.3d 1136, 1153 (10th Cir. 2008). To succeed on a claim of age discrimination, a plaintiff must prove by a preponderance of the evidence that [his] employer would not have taken the challenged action but for the plaintiff's age." *Jones v. Oklahoma City Public Schools*, 617 F.3d at 1273, 1277 (10th Cir. 2010). The *McDonnell Douglass* burden shifting framework again governs consideration of the evidence presented on summary judgment. *Green v. Safeway Stores, Inc.*, 98 F.3d 554, 557-58 (10th Cir.1996). The Plaintiff bears the burden initially of establishing a prima facie case of discrimination: "(1) [he] is a member of a protected class by the [ADEA]; (2) [he] suffered an adverse employment action; (3) [he] was qualified for the position at issue; and (4) [he] was treated less favorably than others not in the protected class." *Jones*, 617 F.3d at 1277. Plaintiff Upchurch has presented no evidence to support any of these factors or to show that age was a factor at all in any decisions made by Wastequip. In the context of summary judgment, the

*McDonnell Douglas* framework requires a plaintiff to raise a genuine issue of material fact on each element of the prima facie case. *Garrison v. Gambro, Inc.*, 428 F.3d 933l, 937-38. (10th Cir. 2005).

Though Plaintiff has responded to Wastequip's Motion for Summary Judgment, he has neither presented new facts nor pointed to any evidentiary materials sufficient under the governing rules to overcome summary judgment. *See* Rule 56(c)(1)(A) and Rule 56(e)(3) F.R.Cv.P.; Rule 56.1 (d) of the Local Civil Rules. Further, his untimely "Supplement" [Doc. No.68] can only be construed as a continued litany of allegations and attacks (calling Wastequip "human toxic scum) with no basis in fact. As with most of Plaintiff's filings the Supplement is littered with attacks on the defense counsel and the judiciary, pronouncing "Plaintiff under full immunity it's time to commit CAPITAL INFAMOUS crimes to protect life and limb and constitutional rights…" [Doc. No. 68, p. 8]. Although a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, *pro se* parties must follow the same rules of procedure that govern other litigants. *Garrett v. Welby Connor Maddux & Janer*, 425 F.3d 836 (10th Cir. 2005). "[I]f the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court." *Id.* at 838,, (citing *Phillips v. Carey,* 638 F.2d 207, 208 (10th Cir. 1981). Accordingly, Plaintiff's Supplemental to Denial of Defendant's Summary Judgment Motion [Doc. 68] is hereby stricken and the court grants summary judgment as to Plaintiff's ADEA claim.

The Oklahoma Workers' Compensation Commission has jurisdiction to hear and decide any retaliatory discharge claim of Plaintiff. Title 85A O.S. § 7 was enacted in 2013, becoming effective February 1, 2014, and provides:

> A. An employer may not discriminate or retaliate against an employee when the employee has in good faith:
>
>> 1. Filed a claim under this act;
>>
>> 2. Retained a lawyer for representation regarding a claim under this act;
>>
>> 3. Instituted or caused to be instituted any proceeding under the provisions of this act; or
>>
>> 4. Testified or is about to testify in any proceeding under the provisions of this act.
>
> B. The Commission shall have exclusive jurisdiction to hear and decide claims based on subsection A of this section…
>
> 85A O.S. Supp.2013 $ 7; 28 U.S.C. 1445.

Plaintiff's claim with regard to retaliatory discharge under the Workers' Compensation laws of the State of Oklahoma must fail, as this claim is under the exclusive jurisdiction of the Oklahoma Workers' Compensation Commission

It is the order of the court that Defendant Wastequip's Motion for Summary Judgment [Doc. 66] is granted. Plaintiff's Motion to Issue New Form USM-285 [Doc. 46] is deemed moot and Plaintiff's Motion to Amend [Doc. 50], Motion for Trial Date [Doc. 56] and Motion to Add Party [Doc. 63] are denied.

**IT IS SO ORDERED** this 18th day of October, 2021.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**